UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COLLECTORS COFFEE INC. dba COLLECTORS CAFE,<br><br>                    Plaintiff,<br><br>v.<br><br>BLUE SUNSETS, LLC, et al.,<br><br>                    Defendants. | Case No. 2:17-cv-01252-JCM-PAL<br><br>**ORDER**<br><br>(Mots. File Under Seal – ECF Nos. 2, 7, 8, 9) |

This matter is before the court on Plaintiff's Motions to File Under Seal (ECF Nos. 2, 7, 8, 9). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The Motions seek leave to file under seal the Complaint (ECF No. 1), Emergency Motion for Temporary Restraining Order (ECF No. 10), Motion for Preliminary Injunction (ECF No. 11), Motion to Consolidate (ECF No. 16), and the Appendices (ECF Nos. 17, 18, 19) containing exhibits to these motions. The Motions state that the parties entered into written agreements wherein Defendants agreed that all business information Plaintiff disclosed to Defendants would remain confidential given Plaintiff's unique and proprietary business model. Plaintiff asserts that public disclosure of its "business model or investments would produce a chilling effect on Plaintiff and its other business opportunities." *See* Mot. (ECF No. 2) at 2. Thus, Plaintiff seeks to protect its confidential information "by filing its Complaint and *all papers in this dispute* under seal." *Id*. at 1–2 (emphasis added); *see also* Mots. (ECF Nos. 7, 8, 9) at 3 ("Simply put, Plaintiff needs to protect its highly sensitive and confidential business model and proprietary business information.").

As a general matter, there is a strong presumption of access to judicial records. *Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, public "access to judicial records is not absolute." *Id*. at 1178. "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). In general, compelling reasons exist when court records might become a vehicle for improper purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Relevant factors also include the public's "interest in understanding the judicial process." *Pintos*, 605 F.3d at 679 ; *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not justify sealing. *Foltz*, 331 F.3d at 1130 (citing *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179; *see also Oliner*, 745 F.3d at 1026 (finding that embarrassment, annoyance, or undue burden were not compelling reasons to seal the entire court record).

The strong presumption of access to judicial records "applies fully" to dispositive motions such as motions for summary judgment and related attachments. *Kamakana*, 447 F.3d at 1179. This principle of access was adopted for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Id.* (citation omitted). However, the court must also look past the literal dispositive or non-dispositive label for all motions to determine whether the "compelling reasons" standard applies. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (finding that public access "does not merely depend on whether the motion is technically 'dispositive' "). Courts must examine "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id*. *See also, e.g.*, *Oliner*, 745 F.3d at 1026; *Pintos*, 605 F.3d at 678; *Kamakana*, 447 F.3d

at 1179; *Foltz*, 331 F.3d at 1134–36; *Phillips v. General Motors*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). When a motion that is more than tangentially related to the merits of a case, a movant must show "compelling reasons" to seal any judicial records attached thereto. *Center for Auto Safety*, 809 F.3d at 1101 (holding that compelling reasons standard applied to documents submitted with motion for preliminary injunction, which was technically non-dispositive).

Additionally, the sealing of entire documents is improper when confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should be "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even where a court determines that disclosure of information may result in particularized harm, and the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether redacting confidential portions of the material will leave meaningful information available to the public. *See In re Roman Catholic Archbishop*, 661 F.3d at 425 (citing *Foltz*, 331 F.3d at 1136–37).

Plaintiff's Motions argue that the "good cause" standard applies here because Plaintiff is seeking to seal *non*-dispositive motions and related exhibits. However, the court's analysis does not turn on a dispositive or non-dispositive label. *See Center for Auto Safety*, 809 F.3d at 1101. Rather, the court must determine whether the subject filings are more than tangentially related to the underlying cause of action. *Id*. Although the complaint is not a dispositive motion, it is the operative pleading containing Plaintiff's allegations and claims for relief. Plaintiff is essentially seeking to file the entire case under seal. Every entry on the docket has been sealed except for an order compelling complying with the requirement to file certificates of interested parties, the certificates of interested parties, and a clerk's notice of noncompliance.

Two of the pending motions ask the court to find that Plaintiff is likely to succeed on merits. The court finds plaintiff has not shown good cause for essentially sealing the entire court file. The filings to date are more than tangentially related to the merits of this case, and granting the motion

would effectively shield any substantive information about the judicial process from the public. Thus, the compelling reasons standard applies.[1]

Plaintiff has not shown compelling reasons to seal the entirety of the subject filings. Although confidential business information, proprietary technology, and trade secrets are routinely protected by filing under seal, plaintiff provides no justification for sealing its complaint and virtually all papers submitted thus far. The filings contain confidential information as well as legal argument and statements of facts that do not reveal confidential information. The specific portions of the subject filings containing proprietary and confidential business information may be sealed, but not all others. By June 22, 2017, Plaintiff shall file a redacted version of its Complaint (ECF No. 1), Emergency Motion for Temporary Restraining Order (ECF No. 10), Motion for Preliminary Injunction (ECF No. 11), Motion to Consolidate (ECF No. 16) on the public record consistent with this Order.

Additionally, Plaintiff has not shown compelling reasons to seal all of the exhibits. Each appendix is identical and contains almost 200 pages of exhibits. Some of the documents are business agreements that clearly indicate an intent to maintain confidentiality, while other documents appear to available to the public online. Documents available in the public domain may not be judicially sealed and hidden from public view. Plaintiff has not identified with any particularity which exhibits contain confidential business information or otherwise protected documents.

The Appendices also violate of LR IA 10-3 and LR IC 2-2(a)(3)(B) as they do not contain a table of contents identifying each exhibit and the exhibits were not individually identified on the

---

[1] The court also notes that a proposed stipulated protective order has not been submitted or approved and Defendants have yet to formally appeared in this case. The Motions suggest that sealing is automatic when documents contain confidential business information or a stipulated protective order is entered. *See* Mots. at 2 (citing *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992)); *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993)). Even if the court grants a stipulated protective order, such orders alone do not justify sealing court records. *See, e.g.*, *Foltz*, 331 F.3d at 1133 (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). A litigant is required to make a particularized showing for each document it seeks to file under seal, and the court will apply either the good cause or compelling reasons standards as appropriate. *See id.*

court's electronic filing system. Furthermore, at least one exhibit in each appendix is illegible. *See* ECF Nos. 17-12, 18-12, 19-12. The court will therefore deny the Motion (ECF No. 9) without prejudice. The court will allow the appendices to remain sealed temporarily so that Plaintiff and its counsel may confer about what, if any, portions of the exhibits should be sealed or redacted. Plaintiff shall have until July 5, 2017, to submit: (i) one omnibus appendix addressing the deficiencies noted herein, and (ii) a motion to seal including an appropriate memorandum of points and authorities making a particularized showing why the exhibits should be sealed. If Plaintiff determines that an exhibit or portion thereof need not be sealed, or that redaction is sufficient, such documents may be filed separately.

Lastly, the court notes that the Motions were erroneously filed under seal because the Motions *themselves* do not discuss confidential information. Thus, the Clerk of the Court will be instructed to unseal the filings. If a motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific references to confidential information.

The court's review of any motion requesting leave to file under seal will be complicated by the parties' failure to follow Ninth Circuit case law, the Local Rules of Practice, and the CM/ECF filing protocols. Counsel are responsible for informing themselves and instructing their staff regarding the correct procedures for filing under seal. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall UNSEAL the Motions to File Under Seal (ECF Nos. 2, 7, 8, 9).

2. The Motions to File Under Seal (ECF Nos. 2, 7, 8) are GRANTED IN PART AND DENIED IN PART. Plaintiff shall have until **July 5, 2017**, file a redacted version of

1        its Complaint (ECF No. 1), Emergency Motion for Temporary Restraining Order (ECF No. 10), Motion for Preliminary Injunction (ECF No. 11), Motion to Consolidate (ECF No. 16) on the public record consistent with this Order.

3. The Motion to File Under Seal (ECF No. 9) is DENIED without prejudice.

4. Plaintiff shall have until **July 5, 2017**, to submit: (i) one omnibus appendix addressing the deficiencies noted in this order, and (ii) a motion to seal including an appropriate memorandum of points and authorities making a particularized showing why the exhibits should be sealed.

5. If Plaintiff determines that an exhibit or portion thereof need not be sealed, or that redaction is sufficient, such documents must be filed in a separate, public filing.

Dated this 21st day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE