1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

8

COLLECTORS COFFEE INC. dba
COLLECTORS CAFE,

Case No. 2:17-cv-01252-JCM-PAL

Plaintiff,

9

**ORDER**

10

v.

BLUE SUNSETS, LLC, et al.,

11

Defendants.

12

13      This matter is before the court on a review of the docket.  Defendant Blue Sunsets, LLC

14   appeared in the case with the filing of an Answer (ECF No. 22), which was filed under seal and

15   without leave of the court.  Defendants Blue Sunsets and Jencess Software and Technologies, Inc.

16   jointly filed their Responses (ECF Nos. 24, 27) to Plaintiff's motions for injunctive relief, which

17   were also filed under seal and without leave of the court.  *See also* Sealed Decls. (ECF Nos. 25,

18   26).  These filings violate the Local Rules of Practice mandating that, unless otherwise permitted

19   by statute, rule, or prior court order, all papers filed under seal "must be accompanied by a motion

20   for leave to file those documents under seal."  LR IA 10-5.

21      The standards articulated by the Ninth Circuit in *Kamakana v. City and County of*

22   *Honolulu*, 447 F.3d 1172 (9th Cir. 2006), must be met to overcome the presumption of public

23   access to judicial files, records, motions, and any exhibits.  Generally, the public has a right to

24   inspect and copy judicial records, and such records are presumptively accessible to the public.  *Id*.

25   at 1178.  Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong

26   presumption.  *Id.*

27      To date, virtually every filing in this case has been under seal.  As explained in the court's

28   recent Order (ECF No. 28), the parties will not be permitted to litigate this entire case under seal.

Plaintiff's motions to seal were granted in part and denied in part and Plaintiff was ordered to file a redacted version of its Complaint (ECF No. 1), Emergency Motion for Temporary Restraining Order (ECF No. 10), Motion for Preliminary Injunction (ECF No. 11), Motion to Consolidate (ECF No. 16) on the public record.  The reasoning stated in the Order applies to Defendants with equal force.

Defendants have filed the Answer (ECF No. 22), Responses (ECF Nos. 24, 27), and Declarations (ECF Nos. 25, 26) under seal without any explanation as to why these filings should be sealed.  Under *Kamakana*, a party must make a particularized showing to overcome the presumption of public accessibility.  The mere fact that a court filing contains confidential information does not satisfy this standard.  Only those portions of the filing that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal.  *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).  The remainder of the filing and other exhibits that do not contain confidential information must be filed as publicly-accessible documents.

The court will allow Defendants filings to remain sealed temporarily so the parties and their counsel may confer about what, if any, portions of the filings or exhibits should be sealed.  If any party determines that a filing or portion thereof should remain sealed, that party will be required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any motion to seal must set forth either good cause or compelling reasons to support the request for sealing.

Accordingly,

**IT IS ORDERED:**

1. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir.

2016), and (iii) the appropriate CM/ECF filing instructions.

2. The parties and their counsel shall confer about what, if any, portions of their filings, exhibits, etc. should be sealed.  If any party determines that a portion of a filing should remain sealed, that party must file a motion to seal to make a particularized showing why the documents should remain under seal.

3. To support the request for sealing pursuant to *Kamakana* and its progeny, a motion to seal must include a memorandum of points and authorities making a particularized showing why documents should remain under seal.  The motion may also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

4. Defendants shall have until **July 10, 2017**, to submit a motion to seal including an appropriate memorandum of points and authorities making a particularized showing why their Answer (ECF No. 22), Responses (ECF Nos. 24, 27), and Declarations (ECF Nos. 25, 26) should be sealed.

5. Defendants' filings shall remain under seal until **July 10, 2017**.  If Defendants fail to timely comply with this order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

6. The Clerk of the Court is instructed to UNSEAL the Summons (ECF Nos. 3, 4, 5), Certificate of Service (ECF No. 21), which were filed under seal but contain no confidential information.

Dated this 26th day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE